RICHARD W. BUCHHOLTZ ET AL., PROSECUTORS, v. THE BOARD OF ADJUSTMENT OF THE CITY OF VENTNOR ET AL., DEFENDANTS.

Argued May 7, 1929—Decided May 21, 1929.

Before Justices PARKER, BLACK and BODINE.

For the prosecutors, *Bourgeois & Coulomb.*

For the defendants, *John S. Westcott* and *Hiram Steelman.*

PER CURIAM.

The *certiorari* in this case was allowed to review the judgment or order of the board of adjustment of the city of Ventnor, dated December 24th, 1928, revoking a building permit, dated November 21st, 1928, issued by the inspector of buildings to the prosecutors. The prosecutors file four reasons for setting aside the order or judgment of the board of adjustment. *First.* Because the lands on which the building is being erected are not restricted by the zoning ordinances of Ventnor City and therefore the board was without jurisdiction to act.

*Second and Third.* Because there is no provision in the zoning ordinance which inhibits the erection or use of any building upon said lands.

*Fourth.* Because the board of adjustment was without authority to make the order vacating the building permit issued.

We find no legal merit in any of these reasons. They call for no extended discussion.

It may not be amiss, however, to add, the prosecutors urge and rely principally upon the fact that the building zone map of Ventnor City provides—first, residence districts; second, apartment districts; third, business districts; on which is marked "Play Grounds," "City Hall," "Loop." The blocks so marked do not come within the designation of any of the restricted districts, as shown upon the map and indicated by the key thereto, therefore, it is argued by the prosecutors that the board had no jurisdiction over the land in question, which is in the plot marked "Loop." We think there is no basis for any such construction to be placed upon the building zone map. The purpose of the zoning map was not only to point out the various classes of zoned districts, but it at-

tempts, also, to convey some information concerning locations to the map reader. Its purpose was not to restrict the zoning area by such descriptions. The result we have reached is the order or judgment of the board of adjustment is affirmed and the writ of *certiorari* is dismissed, with costs.